IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN HAITH INTELLECTUAL PROPERTY LLC, a Missouri Limited Liability Company, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, <br><br> Defendants. | Case No. 1:24-cv-09792 <br><br> **Judge John Robert Blakey** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION AS TO THE DEFENDANT IDENTIFIED IN SCHEDULE A**

Plaintiff, Benjamin Haith Intellectual Property LLC ("Haith" or "Plaintiff"), submits this Memorandum in support of its Motion for Preliminary Injunction.

**I.     INTRODUCTION**

Plaintiff is requesting a Preliminary Injunction based on its action for copyright infringement against the Defendant identified in Schedule A to the Second Amended Complaint ("Defendant"). As alleged in Plaintiff's Second Amended Complaint (Dkt. Nos. 31, 32), Defendant is manufacturing, advertising, marketing, distributing, offering for sale, and selling products bearing, in whole or in part, Haith's copyrighted artwork without authorization or license (the "Infringing Products"), through a several fully interactive, commercial Internet store operating under at least the Online Marketplace Account listed in Schedule A (the "Defendant Internet Store").

II. **STATEMENT OF FACTS**

On February 10, 2025, this Court entered a Temporary Restraining Order (the "TRO") against the Defendant identified in Schedule A to the Second Amended Complaint. (Dkt. No. 37.) The TRO authorized Haith to provide notice to Defendant by electronic means. (*Id*.; see also Declaration of Trevor W. Barrett (hereinafter, "Barrett Decl.") at ¶ 4.) Since and pursuant to the entry of the TRO, at least one financial account associated with the Defendant Internet Store has been frozen. *See* Barrett Decl. at ¶ 3. Further, since entry of the TRO, Plaintiff has provided notice to the Defendant through electronic mail and online publication as authorized in the TRO. Barrett Decl. at ¶ 4.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against the Defendant, so that it remains enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendant's financial account(s) remain frozen until completion of these proceedings.

III. **ARGUMENT**

   a. **A preliminary injunction extending relief already granted in the TRO is appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by the Defendant. This Court, in addressing similar allegations of Internet-based infringers, has issued preliminary injunctions following the grant of a TRO. *See, e.g., David Gilmour Music Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 19-cv-04973 (N.D. Ill. Aug. 22, 2019); *Hamann GmbH v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 19-cv-03332 (N.D. Ill. Jul. 9, 2019); *Jeff Bartels v. The Partnerships and Unincorporated Associations Identified on Schedule*

*"A",* No. 23-cv-00444 (N.D. Ill. Jan. 27, 2023); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. Apr. 7, 2023).

The standard for granting both a temporary restraining order and preliminary injunction are the same. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). *See also Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). By virtue of this Court's entry of the TRO, it has already been found that the above requirements are satisfied. And there have been no changes in factual circumstances that would warrant a change in the Court's findings.

As addressed in Plaintiff's Memorandum in Support its TRO (Dkt. No. 34) there is a reasonable likelihood that Plaintiff will succeed on the merits. Here, Plaintiff owns the registered copyrights for the Subject Artwork. Barrett Decl. at ¶ 5. The Infringing Products incorporate and display the Subject Artwork and are considered infringing uses of the Subject Artwork, as shown in **Exhibit A and B** attached to the Second Amended Complaint (Dkt. Nos. 31-1, 31-2). It is clear based on the exact reproduction of the Subject Artwork that Defendant accessed the Subject Artwork through Plaintiff's widespread and public display of the same. Defendant does not have authorization to utilize the Subject Artwork or otherwise use in any other manner that infringes on Plaintiffs exclusive copyrights.

Further, Plaintiff has suffered irreparable harm. At this stage, Haith only needs to show that irreparable harm is likely. *See, e.g., Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016). The Seventh Circuit has long held that irreparable harm is presumed in copyright, patent, and trademark infringement cases. *Atari, Inc. v. North Am. Philips Cons. Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982); *Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed. Cir. 2016); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And where a copyright owner has expended significant resources promoting products embodying its intellectual property, losses resulting from infringement of such rights constitutes irreparable harm. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1173 (7th Cir. 1997).

The sort of irreparable harm resulting from copyright infringement includes damage to the owner's business reputation and right of exclusivity. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1111 (N.D. Ill. 2005). Defendant's Infringing Products deprive Plaintiff of the ability to control the creative content of its copyrights, devalues the Subject Artwork by associating it with inferior and unauthorized goods, and undermines the value of the Subject Artwork by creating an impression that infringement may be undertaken with impunity which threatens Plaintiff's ability to develop further artwork and market for existing work. (Dkt. No. 34.) Accordingly, Plaintiff has established that it will be irreparably harmed by Defendant's infringing conduct if a preliminary injunction is not entered.

Additionally, a causal nexus exists between Defendant's infringement and each of the irreparable harms that Haith is suffering. *Apple Inc. v. Samsung Elecs. Co.*, 735 F.3d 1352, 1364 (Fed. Cir. 2013). Here, Defendant's infringing distribution, display, and otherwise unauthorized use of Haith's Artwork in the Infringing Products is a substantial, if not the exclusive, reason for

consumer demand of the Infringing Products. *See PCT Int'l Inc. v. Holland Elecs. LLC*, No. CV-12-01797-PHX-JAT, 2015 WL 5210628, at *23-24 (D. Ariz. Sept. 8, 2015), aff'd, No. 2016-1061, 2016 WL 4373941 (Fed. Cir. Aug. 16, 2016) ("The Federal Circuit has explained that when the products at issue are "relatively simple," in the sense that they have a small number of features, the causal nexus requirement is easier to satisfy because the infringing feature has a large impact on demand for the products").

Third, the balance of hardship remains in Plaintiff's favor. As a willful infringer, Defendant is entitled to little equitable consideration. In the copyright context, Defendant "cannot complain" of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys.*, 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011). Further, the threat of continued copyright infringement without issuance of an injunction as well as the copyright owner's loss of exclusivity occasioned by copyright infringement support a finding that the balance of hardships weighs in favor of awarding injunctive relief. *Virtual Studios, Inc. v. Beaulieu Grp., LLC*, 987 F. Supp. 2d 769, 781 (E.D. Tenn. 2013).

As Plaintiff has demonstrated, Defendant has been and continues to profit from the sale of Infringing Products. In doing so, Defendant has eliminated or at least damages the exclusivity that Plaintiff is entitled to under the law. Thus, the balance of equities tips decisively in Plaintiff's favor. As such, equity requires that Defendant be ordered to cease its unlawful conduct.

Finally, the issuance of a preliminary injunction remains in the public interest. "[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and correspondingly, preventing the misappropriation of skills, creative energies, and resources which are invested in the protected work." *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3rd Cir. 1983). This is especially true here since protecting the creative content

5

of the Subject Artwork extends far beyond protecting simply the works; it also protects the integrity of Subject Artwork and encourages creative expression. Thus, the protection of Plaintiff's copyright is in the public interest.

For these reasons, as previously found by this Court, the entry of a preliminary injunction is appropriate.

### b. The equitable relief sought remains appropriate

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright…" 17 U.S.C. § 502. Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendant's account(s) in U.S.-based financial institutions remain frozen. Since the entry of the TRO, Plaintiff has obtained information linked to the Defendant Internet Store, which was offering for sale and/or selling Infringing Products which bear the Subject Artwork without authorization, license, or consent from Haith. The risk that Defendant will liquidate its relevant payment accounts and the financial assets contained in those accounts to avoid this enforcement action remains for the same reasons set forth in Plaintiff's initial Motion for Entry of Temporary Restraining Order (Dkt. No. 34) and later found by the Court (Dkt. No. 36, 37).

In the absence of a preliminary injunction, Defendant may attempt to move assets from any accounts in U.S.-based financial institutions to offshore accounts. Therefore, Defendant's assets should remain frozen for the remainder of the proceedings. The amount of damages to which Plaintiff is entitled as set forth in the Second Amended Complaint far exceed any amount contained in the Defendant's frozen accounts. Indeed, many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of intellectual property. *See, e.g., Dyson, Tech. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A,* No. 22-

cv-5946 (N.D. Ill. Nov. 1, 2022); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. Apr. 7, 2023); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016). As such, an order continuing to freeze the Defendant's assets should be granted.

IV. **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court enter the preliminary injunction.

DATED: March 7, 2025						Respectfully submitted,

*/s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
tbarrett@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail addressed to the e-mail addresses provided for Defendants by third parties that includes a link to said website.

Respectfully submitted,

*/s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
tbarrett@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*